IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville April 23, 2019

## STATE OF TENNESSEE v. MARIO MARQUETTE McADOO

**Appeal from the Criminal Court for Davidson County**
**No. 2013-I-1213   Mark J. Fishburn, Judge**

---

### No. M2018-01113-CCA-R3-CD

---

The Defendant, Mario Marquette McAdoo, appeals from the Davidson County Criminal Court's revocation of his probation for his convictions for four counts of felony theft, misdemeanor assault, and misdemeanor resisting arrest and its order that he serve the remainder of his effective ten-year sentence in confinement. The Defendant contends that he received the ineffective assistance of counsel at the revocation hearing and that, as a result, he is entitled to a new revocation hearing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

John H. Morris (on appeal), Nashville, Tennessee; Dawn Deaner, District Public Defender; and William Allensworth (at revocation hearing), Assistant District Public Defender, for the appellant, Mario Marquette McAdoo.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Glenn Funk, District Attorney General; and Vince Wyatt, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On January 24, 2014, the Defendant was indicted for four theft-related offenses, assault, and resisting arrest. On March 6, 2014, the Defendant pleaded guilty to four counts of felony theft, misdemeanor assault, and misdemeanor resisting arrest, and he received a ten-year sentence to be served on community corrections. The record reflects that, at some point, the Defendant "completed" community corrections and began serving his sentence on probation. On December 4, 2017, a probation violation report was filed with the trial court, alleging that on November 26, 2017, the Defendant had been arrested for two counts of

criminal trespass and felony theft, that he had failed to provide proof of employment, that he had failed to pay supervision fees, and that he had failed to stay away from "big box stores," stores that sell electronics, and Walmart. An arrest warrant was issued. On April 17, 2018, an amended probation violation report was filed with the court, alleging that on April 3, 2018, the Defendant had been arrested for "resist stop, halt, arrest, or search" and for evading arrest, that he had failed to report his arrest, and that he had engaged in assaultive behavior. An arrest warrant was issued. On May 2, 2018, a second amended probation violation report was filed with the court, alleging that on November 4, 2017, the Defendant had been arrested for theft and two counts of criminal trespass. An arrest warrant was issued.

At the revocation hearing, the Defendant admitted he violated the conditions of his probation by returning to and stealing from Walmart. The trial court found that the Defendant acknowledged that he had violated the conditions of his release. The court found that "the problem" with the Defendant was his lack of credibility. The court questioned the veracity of the employment documentation that the Defendant submitted to his probation officer, noting discrepancies and inconsistencies in the street addresses, towns, and zip codes. The court found that the employment documentation was "just a prime example of the smoke that [the Defendant was] trying to blow and hoping that we will accept it." The court found that it could not credit the Defendant's testimony and that he had "clearly" violated the conditions of his release. The court determined that the Defendant was a "con artist and a thief" and ordered the Defendant to serve the remainder of his ten-year sentence in confinement. This appeal followed.

The Defendant contends that he received the ineffective assistance of counsel before and at the revocation hearing because counsel failed to investigate and prepare adequately. The Defendant argues that the "combined effect" of counsel's failures was ineffective assistance. He states in his brief,

> It is that the combined effect of [counsel's] failings; from his almost immediate decision that the proper disposition for this case was settled by plea agreement, making no attempt to determine any possible strategy for the hearing and his inadequate performance by not ensuring [the Defendant] had the ability to understand the terms of his plea agreement.

Regarding the revocation hearing, the Defendant asserts that counsel was ineffective because counsel failed to provide any details of the violation allegations, to meet "meaningfully" with the Defendant, and to meet with any potential defense witnesses identified by the Defendant. He argues that counsel had a "general disinterest" during the representation and refused to review a timeline and summary of events the Defendant prepared. Furthermore, the Defendant requests appellate review of his ineffective assistance claim pursuant to *United States v. Cronic*, 466 U.S. 648 (1984). The State responds that the evidence supported the

trial court's decision to revoke the Defendant's probation and that the Defendant was "afforded the minimum requirements of due process" at the revocation hearing.

The Defendant raises for the first time on appeal the allegation that trial counsel provided ineffective assistance before and during the probation revocation hearing. Appellate review of issues that are not raised and litigated in the trial court are generally waived. *See Butler v. State*, 789 S.W.2d 898, 902 (Tenn. 1990) (waiving appellate review of whether counsel provided ineffective assistance during voir dire because the issue was raised for the first time on appeal and not litigated in the lower court); *State v. Turner*, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995); *James Larry Depew v. State*, No. 03C01-9504-CR-00116, 1995 WL 495927, at *2 (Tenn. Crim. App. Aug. 21, 1995) (waiving appellate review of ineffective assistance and involuntary guilty plea allegations because the issues were not raised and litigated in the lower court); *see also* T.R.A.P. 36(a). The appellate record does not contain evidence related to the Defendant's ineffective assistance claims, and a trial court has not had the opportunity to consider the allegations and to provide findings of fact and conclusions of law. *See* T.R.A.P. 36(a) ("[R]elief may not be granted in contravention of the province of the trier of fact."). Therefore, this court is prevented from reviewing the sole basis for which the Defendant seeks appellate relief.

The Defendant has challenged neither the trial court's determination that he violated the conditions of his release nor the court's decisions to revoke his probation and to order his sentence into execution. In any event, the Defendant admitted at the revocation hearing that he violated the conditions of his release, and the court did not abuse its discretion by revoking his probation. *See* T.C.A. § 40-35-311(e)(1). Once the court revoked the Defendant's probation, it had the authority to order the Defendant to serve the remainder of his sentence in confinement. *See id*. §§ 40-35-308(a), (c), -310. The Defendant is not entitled to relief.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE